IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| ALDER STREET HOUSING PARTNERS LIMITED PARTNERSHIP, an Oregon limited partnership, <br><br> Plaintiff, <br><br> v. <br><br> SCOTTSDALE INSURANCE COMPANY, <br><br> Defendant. | No.   25CV40391 <br><br> **SECOND AMENDED COMPLAINT** <br><br> Breach of Contract, Unjust Enrichment <br><br> Fee Authority: ORS 21.160(1)(c) <br><br> Prayer Amount: $250,000 <br><br> (CLAIMS NOT SUBJECT TO MANDATORY ARBITRATION) |

Plaintiff Alder Street Housing Partners Limited Partnership ("Plaintiff") alleges as follows:

## I.   PARTIES

1. Plaintiff is an Oregon Limited Partnership organized under the Oregon Limited Partnership Act. The members of the Limited Partnership are Related/Alder Street Development Co., LLC, Centro Morada LLC, Bank of America, N.A., Banc of America CDC Special Holding Company, Inc., and The Nicholas Company, Inc. Plaintiff's principal place of business is located in Multnomah County, Oregon.

2. Defendant Scottsdale Insurance Company ("Scottsdale") is an insurance company that is on information and belief domiciled in the state of Ohio with its principal administrative office and place of business on information and belief in Scottsdale, Arizona. On information and belief Scottsdale operates as an insurer on an approved non-admitted

///

Page 1 -   SECOND AMENDED COMPLAINT
150060243.1 0072342-00010

basis in the state of Oregon and regularly does business including the sale of insurance policies in the state of Oregon.

## II. JURISDICTION/VENUE

3. Jurisdiction and venue are proper in Multnomah County, Oregon because the events giving rise to this action occurred in Multnomah County, Oregon and because Plaintiff is located in Multnomah County, Oregon. Scottsdale is subject to personal jurisdiction in Multnomah County, Oregon because it engages in sales of insurance products in Multnomah County, Oregon.

## III. BACKGROUND FACTS

4. Plaintiff was formed for the purpose of financing and constructing the "Alder 9" project, a 159 unit, ten story, new-construction affordable housing development located at 888 SE Alder St. in Portland's Central Eastside (the "Project").

5. The Project is funded as a public/private partnership between Alder, the Portland Housing Bureau, and Centro Cultural, and is intended to provide affordable housing to seniors, multigenerational households, and the BIPOC community, who are disproportionately impacted by houselessness. The building's design is uniquely suited to support residents and the surrounding community and provides a mix of unit types, including studio, one-, two-, and three-bedroom units.

6. Scottsdale issued a General Liability policy, identified as Policy No. RBS0117732, with policy period of September 30, 2022 to September 30, 2023, naming Plaintiff as an insured (the "Policy").

7. Plaintiff procured the Policy to protect its property and business operations.

8. Plaintiff has performed all conditions required of it under the Policy including payment of all required premiums.

9. In order to build the Project, Plaintiff entered into two construction contracts with a General Contractor (the "GC"): a Pre-Construction Contract, and a Construction

Page 2 -   SECOND AMENDED COMPLAINT

STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000, Portland, OR 97205
Main 503.224.3380   Fax 503.220.2480

150060243.1 0072342-00010

Contract. (Those contracts are referred to collectively herein as the "Construction Agreements.")

10. The Construction Agreements each contain a dispute resolution clause that requires the parties to the Construction Agreements to resolve disputes by doing the following, in the following order:

- have project personnel meet to try to resolve the claim;
- have senior executives meet to try to resolve the claim;
- mutually agree to go straight to arbitration, or
- participate in non-binding mediation; and then
- initiate binding arbitration.

The above steps are referred to hereinafter as the "ADR Process."

11. The Policy states that Scottsdale has the right and duty to defend Plaintiff against any "suit" seeking damages because of, *inter alia,* "property damage" to which the Policy applies.

12. The Policy defines "suit" as "a civil proceeding in which damages because of 'bodily injury', 'property damage' or 'personal and advertising injury' to which this insurance applies are alleged. Suit includes… Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent."

13. During the summer of 2023, during the Policy period, property damage occurred to, *inter alia,* a property neighboring the Project (the "Damage"), allegedly due to construction of the Project. Certain parties, including the GC and Plaintiff, have incurred costs to repair and otherwise address the Damage.

14. Plaintiff contends that the Damage was caused by the GC and/or certain subcontractors to the GC working on the Project and that any resulting damages, including but not limited to the costs of repair for the Damage, are the responsibility of those

Page 3 -   SECOND AMENDED COMPLAINT

STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000, Portland, OR 97205
Main 503.224.3380   Fax 503.220.2480

entities. The GC contends that the resulting damages including but not limited to the costs of repair of the Damage are the responsibility of Plaintiff.

15.     In the summer of 2023, the parties to the Construction Agreements initiated the ADR Process to resolve disputes arising out of, *inter alia,* the Damage. In the ADR Process certain parties have made or asserted claims against Plaintiff arising out of, *inter alia,* the Damage and seeking to recover damages including but not limited to costs of repair of the Damage.

16.     Plaintiff through its broker provided notice to Scottsdale of the claims and counter-claims being asserted in connection with the Damage.

17.     On or about March 18, 2024, Plaintiff through its broker tendered the claims and counter-claims being asserted in connection with the Damage in the ADR Process to Scottsdale and requested that Scottsdale defend Plaintiff in the ADR Process.

18.     Plaintiff's communications to and from Scottsdale include or constitute actual and/or constructive requests for Scottsdale's consent to the ADR Process and actual and/or constructive consent by Scottsdale to Plaintiff's participation in the ADR Process.

19.     The parties to the Construction Agreements proceeded to move through the ADR Process.

20.     Scottsdale eventually appointed counsel to defend Plaintiff against the claims being asserted against Plaintiff in the ADR Process, under a reservation of rights.

21.     The claims asserted against Plaintiff in the ADR Process have always and continue to be seeking damages because of "property damage" to which the Policy applies.

22.     Plaintiff tendered to Scottsdale certain defense costs incurred by Plaintiff prior to Scottsdale appointing counsel and requested that Scottsdale reimburse Plaintiff for those defense costs. The total dollar value of the defense cost reimbursement owing from Scottsdale is in an amount to be proven at trial but not less than $250,000.

///

Page 4 -    SECOND AMENDED COMPLAINT

STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000, Portland, OR 97205
Main 503.224.3380   Fax 503.220.2480

23. Scottsdale has refused to reimburse any of the defense costs that have been tendered to it by Plaintiff.

24. By refusing to reimburse Plaintiff's defense costs Scottsdale has breached the Policy's requirement that Scottsdale defend Plaintiff against claims for damages because of property damage to which the Policy applies.

## IV.  CAUSES OF ACTION

### First Cause of Action – Breach of Contract

25. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in each of the preceding paragraphs.

26. Scottsdale breached the Policy by refusing to reimburse Plaintiff for defense costs incurred in defending claims asserted against Plaintiff in the ADR Process arising out of the Damage.

27. All conditions precedent to coverage have been satisfied, excused, waived, or are the subject of estoppel, or the performance of any such conditions have been otherwise prevented by Scottsdale.

28. As a direct and proximate result of Scottsdale's breach of the Policy, Plaintiff has been deprived of the full benefits of the insurance coverage that it purchased from Scottsdale. Specifically, as a result of Scottsdale's breach of contract, Plaintiff has been damaged in an amount to be proven at trial but not less than $250,000, together with prejudgment interest at the applicable statutory rate of 9% per annum.

29. Further, because of Scottsdale's breach of the Policy, Plaintiff has been required to incur attorney fees to protect its interests. Pursuant to ORS 742.061, Plaintiff is entitled to recover its attorney fees incurred in this action as well as the attorney fees incurred in pursuing Plaintiff's rights under the Policy prior to filing this action.

///

///

Page 5 -   SECOND AMENDED COMPLAINT
   150060243.1 0072342-00010

**Second Cause of Action – Unjust Enrichment**

30. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 25.

31. In the alternative, in the event that it is determined that some of the defense costs that have been tendered to Scottsdale were incurred prior to Plaintiff tendering the third-party claims referenced herein to Scottsdale, Scottsdale has received a benefit from Plaintiff incurring those costs, in that the work performed has benefited Scottsdale's defense of those third-party claims and (among other things) reduced the costs that Scottsdale's appointed defense counsel would have incurred.

32. Scottsdale is aware that it has received a benefit from Plaintiff incurring all of the defense costs that have been tendered to Scottsdale, even as to costs that may be determined to have been incurred prior to Plaintiff tendering the third-party claims referenced herein to Scottsdale.

33. It would be unjust to allow Scottsdale to retain the benefit of such costs without requiring Scottsdale to pay for those benefits, in that the timing of the formal tender to Scottsdale was happenstance; Scottsdale suffered no prejudice as it would have incurred the same costs regardless of the precise timing of Plaintiff's formal tender to Scottsdale; and thatone or more of the following is true: a) Scottsdale was aware that it would be responsible for defense costs necessary for the defense of third-party claims; b) Plaintiff had a reasonable expectation of repayment; c) a reasonable Oregon policyholder would expect to be reimbursed for defense costs that it incurs that reduce the amount that its insurer pays.

34. Therefore, in the alternative Plaintiff should recover as damages the costs that it incurred even as to costs incurred prior to formal tender of the defense to Scottsdale.

35. The policy of insurance issued by Scottsdale does not address reimbursement of defense costs.

///

36. Plaintiff is entitled to attorney fees pursuant to ORS 742.061on Plaintiff's Second Claim for Relief, in the alternative.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

On Plaintiff's First Claim for Relief (breach of contract), for a judgment against Scottsdale for (a) compensatory damages in an amount to be proven at trial but not less than $250,000, (b) prejudgment interest at the applicable statutory rate of 9% per annum, (c) all attorney fees incurred in this action as well as incurred in otherwise pursuing Plaintiff's rights, (d) all costs and disbursements incurred in connection with this action (e) post-judgment interest at the maximum rate allowed by law and (f) such other relief as the Court deems just, equitable, and proper.

On Plaintiff's Second Claim for Relief, in the alternative, for a judgment against Scottsdale for (a) compensatory damages in an amount to be proven at trial; (b) prejudgment interest at the applicable statutory rate of 9% per annum, (c) all attorney fees incurred in this action as well as incurred in otherwise pursuing Plaintiff's rights, (d) all costs and disbursements incurred in connection with this action (e) post-judgment interest at the maximum rate allowed by law and (f) such other relief as the Court deems just, equitable, and proper.

DATED: August 28, 2025     STOEL RIVES LLP

*/s/ Seth H. Row*
SETH ROW, OSB 021845
seth.row@stoel.com
CAMERON ZANGENEHZADEH, OSB 212756
cameron.zangenehzadeh@stoel.com
Telephone: (503) 224-3380

Page 7 -    SECOND AMENDED COMPLAINT
150060243.1 0072342-00010