SETH H. ROW, OSB No. 021845
seth.row@stoel.com
CAMERON C. ZANGENEHZADEH, OSB No. 212756
cameron.zangenehzadeh@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone: 503.224.3380

*Attorneys for Plaintiff Alder Street Housing Partners Limited Partnership*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ALDER STREET HOUSING PARTNERS LIMITED PARTNERSHIP, an Oregon limited partnership,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SCOTTSDALE INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No.: 3:25-CV-01805-AR<br><br>PLAINTIFF'S UNOPPOSED MOTION TO STAY PROCEEDINGS |

## **LR 7-1 CERTIFICATION**

In accordance with LR 7-1(a), counsel for Plaintiff Alder Street Housing Partners Limited Partnership ("Plaintiff") certifies that it has conferred with counsel for Defendant Scottsdale Insurance Company ("Defendant") before filing this motion.  The parties agree, and Defendant joins in this unopposed motion.

Page 1 –   PLAINTIFF'S UNOPPOSED STIPULATED MOTION TO STAY PROCEEDINGS
151058966.3 0072342-00032

**MOTION**

Plaintiff moves the Court to enter an order staying all proceedings in this matter pending completion of the underlying arbitration and entry of an arbitration award, and striking all current deadlines, including the Rule 16 Conference set for Wednesday, December 10, 2025, at 11:30 AM in Portland, to be reset following the arbitration's conclusion and a joint status report from the parties. This unopposed motion is made to promote judicial economy, avoid duplicative proceedings, and conserve the resources of the Court and the parties while the underlying arbitration proceeds.

By filing this motion, the parties do not waive any objections, defenses, or claims they may have in this action or otherwise. The Court has jurisdiction over this matter under 28 U.S.C. §§ 1332 and 1441.

**MEMORANDUM OF LAW**

**I. INTRODUCTION**

This case concerns Plaintiff's claim for reimbursement of defense costs that Plaintiff alleges Defendant owes it under a contract of liability insurance for Plaintiff's defense in an underlying construction matter. The underlying matter has been submitted to arbitration under the applicable construction agreement. Plaintiff tendered that dispute to Defendant and requested a defense under its commercial general liability policy. Defendant agreed to defend under a reservation of rights but has denied any obligation to reimburse approximately $250,000 in what Plaintiff alleges are defense costs.

Plaintiff filed this action in Multnomah County Circuit Court, alleging breach of contract and unjust enrichment. Defendant removed the case to this Court on October 3, 2025. The

parties jointly request that the Court stay this action pending completion of the underlying arbitration and entry of an award.

## II.  BACKGROUND

Plaintiff is an Oregon limited partnership formed to finance and construct "Alder 9," a ten-story, 159-unit affordable housing development located at 888 SE Alder Street in Portland's Central Eastside.  The project was funded as a public-private partnership with the Portland Housing Bureau and Centro Cultural and was designed to provide affordable housing for seniors, multigenerational households, and members of the BIPOC community disproportionately affected by houselessness.

To construct the project, Plaintiff entered into pre-construction and construction agreements with a general contractor.  Those agreements required the parties to resolve disputes through a multi-step alternative dispute resolution ("ADR") process involving meetings, mediation, and, if necessary, binding arbitration.

During the summer of 2023, property damage occurred to a neighboring property allegedly caused by construction activities at the project site.  The parties to the construction agreements dispute responsibility for the damage to the neighboring property, among other issues, and initiated the ADR process to resolve all claims.  Certain claims and counterclaims were asserted against Plaintiff, including those seeking to recover the costs of repair and related damages.

Defendant issued a commercial general liability policy to Plaintiff, Policy No. RBS0117732, for the period September 30, 2022, to September 30, 2023.  The policy defines a covered "suit" to include ADR proceedings in which damages are claimed and to which the insured submits with Defendant's consent, though the parties dispute whether the ADR

proceedings in this matter qualify as a "suit" pursuant to the policy's definition and/or whether Defendant provided the requisite consent. Plaintiff contends that on March 18, 2024, its broker tendered the ADR claims to Defendant and requested a defense under the policy. Defendant eventually appointed defense counsel under a reservation of rights but refused to reimburse approximately $250,000 in expenses Plaintiff contends it incurred after tender and before Defendant's acceptance of the defense.

Plaintiff filed its Second Amended Complaint in Multnomah County Circuit Court on August 28, 2025, alleging breach of contract and unjust enrichment. Defendant removed the case to this Court on October 3, 2025. The Court ordered Defendant to amend its notice of removal to cure jurisdictional allegations, and Defendant filed an amended notice on October 27, 2025. Defendant answered on October 9, 2025, and the Court has scheduled a telephonic Rule 16 conference for December 10, 2025, before Magistrate Judge Jeff Armistead.

### III.  ARGUMENT

"A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In deciding whether to exercise discretion and grant a stay, courts generally weigh: (1) prejudice to the non-moving party, (2) the balance of the parties' competing interests, and (3) judicial resources that may be conserved. *Id.*

A stay is warranted under these factors. The underlying construction dispute between Plaintiff and various contractors is currently proceeding to arbitration pursuant to the parties' construction agreements, and the legal expenses at issue in this litigation are also at issue in the underlying arbitration. Neither party to this coverage litigation will be prejudiced by a stay.

Both Plaintiff and Defendant agree that allowing the underlying arbitration to run its course before resuming this coverage action will promote efficiency and reduce costs. A stay pending completion of the underlying arbitration will likewise promote judicial economy, conserve resources, and ensure that any subsequent proceedings in this Court are informed by a complete and final record of the underlying dispute.

The parties anticipate that the underlying arbitration will be completed by mid-2026.

### IV.  CONCLUSION

For these reasons, the parties respectfully request that the Court enter an order staying this action pending completion of the underlying arbitration and entry of an arbitration award. The parties further request that the Court strike any deadlines in this matter, including the Rule 16 Conference set for Wednesday, December 10, 2025, at 11:30 AM in Portland, to be reset following completion of the underlying arbitration, and that the Court require the parties to file a joint status report at the end of the second quarter of 2026 reporting on the anticipated completion of the underlying arbitration.

DATED:  November 25, 2025

        STOEL RIVES LLP

        *s/ Seth H. Row*
        SETH H. ROW, OSB No. 021845
        seth.row@stoel.com
        CAMERON C. ZANGENEHZADEH, OSB No. 212756
        cameron.zangenehzadeh@stoel.com

        *Attorneys for Plaintiff Alder Street Housing Partners Limited Partnership*